**Mary Sue SEXTON, Talmon Sexton and the Estate of Talmon Dwayne Sexton, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 85–1728.**

United States District Court, District of Columbia.

Sept. 17, 1986.

Arthur H. Bryant, Trial Lawyers for Public Justice, Washington, D.C., for plaintiffs.

Evelyn Sahr, Civil Div., Torts Branch, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

This hybrid wrongful death case is presently before the Court on defendant's motion for summary judgment. The facts material to the disposition made hereby are not in dispute.

Plaintiffs Mary Sue and Talmon Sexton seek damages from the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* (1965), for allegedly improper medical care provided to their infant son, Dwayne, by the Oak Ridge Associated Universities clinic ("ORAU") in the mid–1960's. ORAU, a non-profit Tennessee corporation owned by a consortium of educational institutions, operated a cancer research program in Oak Ridge, Tennessee, which was funded by the Atomic Energy Commission ("AEC"), a federal agency, pursuant to contract. In July, 1965, Dwayne Sexton entered the ORAU clinic with a diagnosis of acute lymphatic leukemia. His treatment included experi-

mental immunotherapy, to which his parents consented, in ignorance, they say, of conventional alternatives which might have proved more beneficial had they been employed.[1] Dwayne died at age six on December 29, 1968, three and one-half years after his disease was diagnosed. Plaintiffs claim that their son was used as an "unwitting human guinea pig" for research in nuclear radiation, a tragic misadventure for which the government was responsible. Specifically, plaintiffs allege that the Division of Biology and Medicine of the AEC negligently implemented the funding, supervision and conduct of the research, by failing to take adequate precautions to assure the rights and safety of potential human research subjects.

The United States moves for summary judgment of dismissal on several grounds: (1) the statute of limitations under the FTCA has run on the cause of action; (2) the AEC's actions fall within the discretionary function exception to the FTCA's waiver of sovereign immunity; (3) the culpable conduct, if any, was that of ORAU which comes within the independent contractor exception to FTCA liability; and (4) the plaintiffs' amended complaint does not state a cognizable cause of action in tort upon which relief could be granted. Because the Court concludes that the FTCA's two-year statute of limitations bars this action, defendant's motion for summary judgment will be granted without reaching the remaining issues.

Section 2401(b) of Title 28 provides that tort claims against the United States must be brought "within two years after such claim accrues." 28 U.S.C. § 2401(b) (1976). The parties are agreed that application of the statute to the circumstances of this case is controlled by *Kubrick v. United States*, 444 U.S. 111, 100 S.Ct. 352, 62

L.Ed.2d 259 (1979), in which the Supreme Court held that the FTCA's period of limitations begins to run when a prospective plaintiff is in possession of both knowledge of his injury and its cause; it does not remain dormant until he also knows (or suspects) that the government has been blameworthy with respect to it.

The Sextons knew of the "injury," i.e., Dwayne's death, on December 29, 1968. They also knew its "cause," namely, the failure of his life-threatening illness to respond favorably to admittedly experimental therapy. Yet they made no inquiries during the ensuing two years, nor for many years thereafter, to determine whether their consent to submit their son to the treatment had been ill-advised. And, of course, they made no claims until their administrative claim was presented in June of 1983.

In February, 1981, a journalist, with connections to a well-known syndicated columnist, communicated with the Sextons on several occasions regarding his own investigation of the activities of the ORAU clinic. In March of 1981, he wrote the Sextons about impending Congressional hearings on ORAU's cancer research, enclosing a copy of an AEC document critical of certain aspects of the ORAU research program and suggesting that Mrs. Sexton might expect to be a witness at the Congressional hearings. Whether or not their suspicions were yet aroused, the Sextons took no action looking to prosecution of a claim against the United States until their presentation of an administrative claim nearly 27 months later, although they acknowledge being aware of the governmental funding of the ORAU clinic from the beginning.[2]

1. The record, however, contains a written consent form, signed by both Mr. and Mrs. Sexton, which makes specific reference to the "experimental" nature of the treatment and acknowledges that "more conventional" treatment was offered. (Deposition of Mary Sue Sexton of July 7, 1986, Exhibit 1).

2. The record discloses that, as early as the summer of 1982, the Sextons had commenced a wrongful death suit against ORAU in a Tennessee state court, claiming that fraudulent concealment of the true purpose of the experiment excused their delay in filing. The suit was nevertheless dismissed as barred by the state's three-year statute of limitations, and the dismissal was affirmed on appeal.

In light of the above, the statute of limitations presents an absolute jurisdictional bar to the maintenance of this action filed on May 28, 1985, and the further discovery the plaintiffs plead to be allowed to take could not alter the undisputed, chronological facts already of record which mandate dismissal of this suit.

It is, therefore, this 17th day of September, 1986,

ORDERED, that defendant's motion for summary judgment is granted, and the amended complaint dismissed with prejudice.